IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ALISHA CORNINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-04218-CV-RK |
| | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)).  The Court must "defer heavily to the findings and conclusions of the [ALJ]."  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion[1]

By way of overview, the ALJ determined Plaintiff has the following severe impairments: peripheral edema, idiopathic intracranial hypertension with stenting, visual field loss, diabetes mellitus "diabetes", and obesity.  The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension, fatty liver, hyperlipidemia, and degenerative disc disease of the lumbar spine with radiculopathy.  However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").  Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:  she can stand and walk 2 hours in an 8-hour workday; she can occasionally push and pull with the bilateral lower extremities; she cannot climb on ropes, ladders, or scaffolds; she can occasionally climb on ramps and stairs; she can occasionally kneel, crouch, or crawl; she should avoid concentrated exposure to work hazards such as unprotected heights and being around dangerous machinery; and she has no use of the lower half of the bilateral field of vision, in other words, less than occasional work requiring looking down to the floor.  Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal Plaintiff argues (1) the ALJ erred in finding her lumbar degenerative disc disease with radiculopathy was a non-severe impairment, and (2) the ALJ's finding that Plaintiff's subjective reports were not consistent with the record is not supported by substantial evidence.

As to her first claim, Plaintiff argues the ALJ's finding that Plaintiff's lumbar degenerative disc disease with radiculopathy did not cause significant limitations in functioning or did not last for a continuous period of 12 months are not supported by substantial evidence because the condition did last for more than 12 months and resulted in more than minimal limitation in her abilities.  Plaintiff's arguments are without merit.

---

[1] The Court finds much of Defendant's brief persuasive.  Portions are incorporated without further reference.

Plaintiff points to radiological imaging and nerve studies. (Pl.'s Br. at 10, *citing* Tr. at 553, 615, 620, 703.) Plaintiff omits that the MRIs repeatedly showed only abnormalities described as "very mild," "small," and "mild." (Tr. 553, 703). Although one nerve study showed some abnormalities, it also showed no evidence of neuropathy (Tr. 615); and a more recent nerve study Plaintiff produced normal results, prompting her treating physician to describe her diagnosis as "mild lumbosacral radiculopathy." (Tr. 620.) Plaintiff also emphasizes nine treatment notes wherein she stated that she had back pain as well as tingling and numbness in her feet. (Pl.'s Br. at 10 and 12, *citing* Tr. at 336, 490, 548, 560, 581, 615, 618, 650, 651.) The ALJ, however, also cited four of these exact page numbers, indicating that she specifically considered these exact pages in the record (Tr. 41). Further, these are Plaintiff's subjective reported symptoms, which the ALJ thoroughly considered and discussed. (Tr. 37-44). Although Plaintiff selectively points out instances when she reported back pain and tingling and numbness in her feet, she also reported that her back pain improved with medication (Tr. 666) and that she performed physically demanding activities, such as housework, caring for her three children, and getting "some exercise with working on her house" (*see, e.g.*, Tr. 521, 657). Plaintiff also reported that she maintained "moderate physical activity regularly." (Tr. 724.) This is consistent with her treating physicians' repeated objective examination findings that Plaintiff had a normal gait, no muscle atrophy, and a full range of motion in her lumbar spine. (Tr. 536, 538, 551, 619-20, 652-663, 667.) An impairment is not severe when medication results in improvement that enables the individual to undertake daily activities inconsistent with disability. *Phillips v. Colvin*, 721 F.3d 623, 631-32 (8th Cir. 2013).

Further, none of Plaintiff's treatment providers suggested Plaintiff had any limitations, including restrictions due to a back impairment. During the relevant period, Plaintiff did not use an assistive device for ambulation, was not referred to physical therapy, did not have epidural injections, did not have chiropractic management, did not use a TENS (transcutaneous electrical nerve stimulation) unit, did not use a back brace, and no treating physician recommended that she undergo back surgery.

Plaintiff stated that she "alleged suffering from limitations due to her low back pain as part of her application for benefits." (Pl.'s Br. at 11.) In making this statement, Plaintiff references the Adult Function Report, a form Plaintiff completed on February 27, 2019, with the assistance of her representative (Tr. 256-63). Previously, however, on February 8, 2019, when Plaintiff applied

3

for Supplemental Security Income Benefits, she listed her medical conditions (Tr. 203, 228). Although she listed six conditions, she *did not mention low back pain* or any reasonably related condition. (Tr. 203, 228.) The fact that she was asked to list "all of the physical or mental conditions . . . that limit[ed] [her] ability to work" and did not mention low back pain or any reasonably related condition undermines her current argument that this condition caused more than a minimal impact on her work-related abilities. Indeed, the Eighth Circuit has long held ALJ "had no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993)

In short, Plaintiff had the burden to show that her back impairment more than minimally impacted her ability to perform basic work activities for the 12-month durational requirements of the Act, and she failed to do so. *See* 20 C.F.R. §§ 404.1509, 404.1522.

In her second claim, Plaintiff contends the ALJ's findings were insufficient to discount Plaintiff's subjective reports concerning her need to elevate her legs due to swelling and the ALJ failed to take into consideration evidence that Plaintiff's headaches worsened in early 2019 around the time she filed her application for benefits. Plaintiff specifically complains of the insufficiency of the ALJ's findings that (1) Plaintiff's testimony concerning her need to elevate her legs during the day was not supported by evidence from May 2015 through late 2018 showing no edema on examinations as well as more recent examinations showing only "trace" edema, as well as her finding that Plaintiff's reports concerning her headaches were not consistent with reports that her treatment improved her headaches; and (2) "through approximately June 2018, the treatment records show her headaches were generally under control."

When evaluating a plaintiff's subjective complaints, an ALJ "must give full consideration to all of the evidence presented relating to subjective complaints . . . [including]: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); *see also* SSR 16-3p, 2016 WL 1020935 (Mar. 16, 2016). "The ALJ is not required to discuss methodically each *Polaski* consideration, so long as he acknowledges and examines those considerations before discounting the [plaintiff's] subjective complaints." *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (cleaned up). The ALJ may discredit subjective complaints if they are "inconsistent with the evidence on the record

4

as a whole" but must "make an express credibility determination detailing his reasons for discrediting the testimony." *Delrosa v. Sullivan*, 922 F.2d 480, 485 (8th Cir. 1991). In reviewing the ALJ's decision, this Court "will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence." *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

Here, the ALJ correctly concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms, including swelling, pain, and headaches, were inconsistent with the objective medical evidence and other evidence in the record. (Tr. 39-44.) As support, the ALJ observed the significant discrepancy between Plaintiff's alleged limitations, which were substantial, and the objective medical evidence. (Tr. 39-44.)

First, Plaintiff testified that due to swelling in her feet and legs, she needed to elevate her legs to waist level. (Tr. 70-71.) She testified that standing and walking worsened the swelling (Tr. 71.) Plaintiff admits that "the ALJ was correct" that the evidence from May 2015 through late 2018 did not show edema (Pl.'s Br. at 13), but she asserts that this condition worsened in late 2018. (Pl.'s Br. at 13.) In support, Plaintiff emphasizes her subjective complaints and four physical examinations during which edema was noted. (Pl.'s Br. at 13, *citing* Tr. 483, 423, 629, and 538.) However, Plaintiff points to only two physical examinations during the entire 56-month period at issue that showed more than "trace" edema. (Pl.'s Br. at 13.) Consistent with the objective medical evidence, the ALJ noted: "While the claimant exhibited 2+ pitting edema at the consultative examination in April 2019, the clinical findings from late 2018 forward show the claimant's edema was typically characterized as 'trace.'" (Tr. 42, *citing* Tr. 534, 538, 483, 523.) Further, the ALJ noted "that the investigations, such as the lower extremity venous duplex[,] showed no significant abnormalities." (Tr. 42, *citing* Tr. 397.) The ALJ also considered Plaintiff's activities of daily living, which included performing household chores, caring for her three children, driving, and shopping in stores without using a motorized cart. (Tr. 42 *citing* Tr, 256.) Plaintiff asserts this discussion was "misplaced," but, the regulations specifically direct ALJs to consider daily activities during symptom evaluation. SSR 16-3p. The ALJ permissibly concluded that the ability to engage in such activities was inconsistent with the significant limitations Plaintiff alleged. *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (noting discrepancy between subjective complaints of disabling impairments and evidence concerning daily living patterns); *see also Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (ruling claimant's admission that she

5

could perform light housework, prepare meals, do laundry, and shop "undermine[d] her assertion of total disability"). The ALJ also found it probative that Plaintiff did not report to her treatment providers that she needed to elevate her legs. (Tr. 42.) Additionally, the ALJ considered that the record did not "contain an opinion from an acceptable medical source advising her to elevate her legs throughout the day." (Tr. 42.) Nonetheless, the ALJ found peripheral edema to be a severe impairment and included appropriate restrictions in the RFC finding, such as the ability to stand and walk two hours in an eight-hour workday. (Tr. 37-38.)

Second, Plaintiff testified that she had headaches that were so painful that she did "nothing" two to three days per week. (Tr. 70.) Plaintiff argues that her headaches worsened in June 2018 (Pl.'s Br. at 15), but she seems to concede the evidence did not support finding her disabled prior to September 30, 2015, when her insured status expired. Plaintiff asserts that the ALJ did not explain why her "symptoms were inconsistent with the record during the relevant period relating to her application for SSI benefits." (Pl.'s Br. at 16.) However, in support of her argument that her headaches worsened in June 2018, Plaintiff points to only her subjective reports of headaches, and to only four instances of the same. (Pl.'s Br. at 15-16.) Plaintiff fails to note that on June 22, 2018, and July 31, 2018, she told her treating physician that she was not having any headaches at all, and on December 18, 2018, she told her treating physician that she was having only a "rare headache." (Tr. 336, 344, 496.) While Plaintiff emphasizes that on January 25, 2019, she reported her headaches had "gotten worse" since the November 6, 2018 stent placement, she fails to mention that this worsening represented a notable change from her reports six and seven months earlier of no headaches at all and her report less than one month earlier of a "rare headache." (Tr. 450). Plaintiff also fails to acknowledge an August 2018 brain MRI with normal results. (Tr. 400.)

In addition to her extensive discussion of the objective medical evidence, the ALJ discussed Plaintiff's activities of daily living. (Tr. 42.) Plaintiff contends that in considering the evidence of her activities of daily living, the ALJ "failed to discuss" that she "only engaged in most of her activities when she did not have a severe headache." (Pl.'s Br. at 17-8.) However, the ALJ specifically wrote that she "considered the claimant's testimony [that] she had 2 to 3 bad days a week where she did not do anything; however, the claimant did not report such significant limitations to her providers." (Tr. 42.) Thus, a complete reading of the ALJ's decision shows that Plaintiff's argument on this point lacks merit.

6

Case 2:20-cv-04218-RK   Document 21   Filed 03/04/22   Page 6 of 7

Plaintiff argues that she was "harmed by the ALJ's failure to include the limitations she testified to in the RFC," specifically, that she "needed to elevate her legs at least once per day" and had bad headaches "two-to-three time per week." (Pl.'s Br. at 18.) However, Plaintiff points to no part of the record indicating a treatment provider suggested Plaintiff had any limitations, let alone the extreme restrictions she alleges.

The ALJ properly considered all of the available objective medical and other evidence–both favorable and unfavorable–in evaluating the intensity, persistence, and limiting effects of Plaintiff's symptoms. Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ or argue that certain evidence could support her position. Rather, Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions on this record. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Plaintiff has not sustained her burden to do so.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth in the Commissioner's brief.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 4, 2022